**NEW YORK STATE**
Unified Court System
OFFICE OF COURT ADMINISTRATION

**LAWRENCE K. MARKS**
CHIEF ADMINISTRATIVE JUDGE

**ANTHONY R. PERRI**
ACTING COUN SEL

October 19, 2022

**BY ECF**
Hon. Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: Bergin v. NYS Unified Court System
E.D.N.Y., 22 cv 5264 (BMC)

Dear Judge Cogan:

This Office represents the New York State Unified Court System ("UCS") in this action. In accordance with the Court's Individual Practices § 3.A., UCS respectfully requests a pre-motion conference in anticipation of its motion to dismiss or, alternatively, leave to make the proposed motion described herein. Additionally, UCS respectfully requests that the Court adjourn the October 21, 2022 conference and the submission of a Case Management Plan until after a decision on the anticipated motion. Counsel for plaintiff consents to our request.

**Background**

By complaint, filed September 2, 2022, this action was commenced against UCS. Plaintiff, a former UCS employee, alleges a single cause of action against UCS pursuant to Title VII for religious discrimination. Plaintiff alleges that UCS engaged in religious discrimination by (1) denying her request to be exempt from UCS' COVID-19 vaccine mandate policy, and (2) by terminating her employment with UCS as a result of her failure to be vaccinated under UCS' policy.

As described more fully in the parties' joint submission to the Court, dated October 14, 2022 (ECF #10), plaintiff submitted an accommodation request to UCS to be exempt from its COVID-19 vaccine policy on religious grounds. *Compl.* ¶ 15, 22-23. In response thereto, the UCS Vaccine Exemption Committee—assigned to anonymously review these requests—sought additional information from plaintiff about her religious beliefs, including other drugs, medical procedures, and foods that she abstains from as a result of her beliefs, as well as more detail about her beliefs that prevent her from taking the COVID-19 vaccine. *Compl.* ¶ 24. Plaintiff submitted a response but failed to provide UCS' with substantive answers to the questions and, instead, repeated the same claims she had made in her original exemption request. *Compl.* ¶ 25, Accordingly, UCS denied plaintiff's request to be exempt from the vaccine policy and warned her that if she did not get vaccinated she would be prevented from entering UCS facilities and would be placed on leave. *Compl.* ¶ 28. Plaintiff did not get vaccinated and was placed on leave starting January 10, 2022. *Compl.* ¶¶ 36, 49. On April 4, 2022, UCS terminated plaintiff's employment—along with approximately 100 other employees—for failure to comply with the vaccination policy. *Compl.* ¶ 49.

**The Complaint Fails to State a Claim**

Plaintiff has failed to state a claim under Title VII for religious discrimination. To make out a *prima facie* case of religious discrimination, a plaintiff must show "(1) they held a bona fide religious belief conflicting with an employment requirement; (2) they informed their employers of this belief; and (3) they were disciplined for failure to comply with the conflicting employment requirement." *Knight v. Connecticut Dept. of Public Health*, 275 F.3d 156, 167 (2d Cir. 2001) (citing *Philbrook v. Ansonia Bd. of Educ.*, 757 F.2d 476, 481 (2d Cir. 1985)). Plaintiff cannot make out a *prima facie* case of religious discrimination because she did not inform UCS of her belief in either her original exemption request or her follow-up submission, instead relying on bald statements that she had sincerely-held beliefs against the COVID-19 vaccine.[1] "The process of finding a reasonable accommodation is intended to be an interactive process in which both the employer and employee participate." *Elmenayer v. ABF Freight Systems*, 2001 WL 1152815, at *5 (Sept. 20, 2002 E.D.N.Y.) (citing *Thomas v. Nat'l Assoc. of Letter Carriers*, 225 F.3d 1149 (10th Cir. 2000)). Plaintiff's failure to answer UCS's follow-up questions after her initial request demonstrates that she did not engage in the interactive process and, consequently, has not informed UCS of her religious beliefs. Bald statements of religious sincerity are insufficient to overcome this requirement. *See Mason v. General Brown Cent. Sch. Dist.*, 851 F.2d 47, 51-52 (2d Cir. 1988). UCS was not obligated to grant an incomplete accommodation request.

At this stage, the Court's review is limited to plaintiff's pleadings and the documents appended to *or referred to in the complaint*. *See Hesse v. Godiva Chocolatier, Inc.*, 463 F.Supp.3d, 462 (S.D.N.Y. 2020) (citations omitted). All documents needed by the Court to determine the proposed motion, including plaintiff's original vaccine exemption request and follow-up submission, are referred to in the complaint and will be submitted in support of the motion.

Considering UCS' anticipated dispositive motion to dismiss, it cannot agree to plaintiff's proposed Case Management Plan or any discovery obligations at this time. Accordingly, we respectfully request that the Court (i) adjourn the conference scheduled for October 21, 2022 and submission of a Case Management Plan until after a determination on its motion to dismiss, if necessary, and (ii) schedule a separate pre-motion conference to discuss the proposed motion or grant UCS leave to make its motion without a conference.

Thank you for your attention to this matter.

Respectfully submitted,

/S/
Michael J. Siudzinski
Assistant Deputy Counsel

cc: Steven Warshawsky, *counsel for plaintiff*, via ECF

1 Given plaintiff's failure to engage in the interactive process, the Court need not—for purposes of this motion—consider questions of fact as to whether plaintiff has a sincerely-held religious belief.