UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
JESSICA BERGIN,

Plaintiff,

Ind. No. 22-CV-5264 (BMC)

-against-

NEW YORK STATE UNIFIED COURT SYSTEM,

Defendants.
---------------------------------------------------------------------X

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE COMPLAINT**


ANTHONY R. PERRI
Acting Counsel
Office of Court Administration

Attorney for UCS
25 Beaver Street
New York, New York 10004
(212) 428-2150

MICHAEL J. SIUDZINSKI
Assistant Deputy Counsel
Of Counsel

ROBYN L. ROTHMAN
Associate Counsel
Of Counsel

## Preliminary Statement

Defendant New York State Unified Court System ("UCS") respectfully submits this Reply Memorandum of Law in further support of it motion to dismiss the complaint in this action.

As demonstrated in the Memorandum of Law in support UCS' motion to dismiss the complaint, dated November 4, 2022, plaintiff has failed to state a claim for relief against UCS and the complaint should be dismissed. By her opposition, plaintiff continues to fail to meet the minimum pleading requirements for her single cause of action and fails to offer sufficient legal authority in support thereof. UCS' motion to dismiss should be granted.

## ARGUMENT

## POINT I

### PLAINTIFF'S TITLE VII CLAIM SHOULD BE DISMISSED AGAINST UCS

### A. Plaintiff failed to inform UCS of any alleged religious beliefs

Plaintiff has failed to state facts sufficient to make a claim for discrimination under Title VII in her complaint. By her own admission, she cannot demonstrate that she informed UCS of any alleged religious beliefs—a necessary element of a religious discrimination claim.[1] In her opposition to UCS' motion, however, plaintiff argues that she has made a claim for religious discrimination because: (i) the interactive process is not a necessary part of a religious accommodation claim (*see* Opp. Memo. p. 13); (ii) even if it is, plaintiff "satisfied her minimal

[1] Although the Supreme Court has held that a plaintiff need not plead a prima facie case of discrimination at the pleading stage, nevertheless, a plaintiff must "plead facts sufficient to state a claim of discrimination that is plausible on its face." *Jackson v. NYS Dept of Labor*, 709 F. Supp. 2d 218, 226 (S.D.N.Y. April 26, 2010) (*citing Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009)). Regardless, the Second Circuit has held that "the elements of a prima facie case may be used as a prism to shed light upon the plausibility of the claim." *Littlejohn v. City of New York*, 795 F.3d 297, 311 n.9 (2d Cir 2015) (citations omitted).

duty to participate in the interactive process" (*see* Opp. Memo. p. 12-15); and, (iii) if she did not participate in the interactive process, she later "cured her deficiency" by her January 3, 2022, submission to UCS (*see* Opp. Memo. p. 15-17).

Without question, the interactive process is a necessary element of determining religious accommodation claims under Title VII. *See Elmanayer v. ABF Freight Systems*, 2001 WL 1152815 (E.D.N.Y. Sept. 20, 2001); *Chauhan v. MM Hotel Management LLC*, 2019 WL 6118006 (E.D.N.Y. Nov. 18, 2019). Plaintiff also argues that UCS did not provide legal support for the argument that discrimination claims can be dismissed when there is a finding that a plaintiff did not engage in the interactive process. *See* Opp. Memo. p.13. This assertion is false; UCS cited to several cases to support this argument. For example, in *Thompson v. City of New York*, 2002 WL 31760219 (S.D.N.Y. Dec. 9, 2002) (*see* Def. Memo at p.8), the Court found that plaintiff's intentional withholding of relevant information and "failure to adequately inform" the defendant was fatal to her claim. *Id*. at *8. In any event, plaintiff conceded in her complaint that the interactive process is part of determining a religious accommodation claim when she alleged that "UCS never engaged in a good faith interactive process with Bergin to determine whether or not her religious exemption should be granted." ¶ 26.

In contrast to plaintiff's arguments, she failed to participate in the interactive process. Pursuant to UCS' policy and procedures for requesting a vaccine exemption, plaintiff, like all UCS employees, was given two opportunities to inform UCS of her sincerely held religious beliefs against taking the COVID-19 vaccine. UCS' policy was clear, she was to provide the information sought for UCS to review her stated religious beliefs by dates certain. ¶16; Ex. C. Plaintiff was given adequate notice on both occasions on how and when she was to inform UCS of her religious beliefs that form the basis of her objection to receiving the COVID-19 vaccine.

UCS would then, after a review of her timely submissions, review her application for an exemption. Plaintiff's initial submission, however, did not contain enough information for UCS to make a determination which is why UCS asked plaintiff to submit the supplemental affidavit by November 22, 2021. Ex. C. Plaintiff then submitted her supplemental affidavit, dated November 16, 2022, in which she refused to provide the relevant information needed by UCS to make a determination on her request. ¶25; Ex. D. She purposefully did not answer the questions asked of her and therefore did not participate in the interactive process. Plaintiff does not argue or provide any legal support that UCS was obligated to extend the time of the interactive process past the clear deadlines for submissions. Accordingly, UCS' denial of her exemption request was appropriate.

Plaintiff now argues that her late submission on January 3, 2022, "cured" her failure to engage in the interactive process. Not only was plaintiff aware that her failure to answer the questions in the supplemental affidavit was the reason UCS denied her request,[2] she provides no legal support for her argument that she was allowed to "cure" her deficiency *after* she acted in bad faith by refusing[3] to provide the information when first requested. More so, Bergin's admission that she submitted "another set of answers" demonstrates that she was aware that her November 16 submission was insufficient for the purposes of obtaining the exemption.

Plaintiff also argues that the interactive process is not used to investigate the employee's beliefs in establishing entitlement to an accommodation but instead to assist the employer in finding a reasonable accommodation. *See* Opp. Mem. at p. 14. Plaintiff misinterprets the law and

---

[2] Plaintiff also argues that UCS failed to notify her of its reason for denying her request, yet she admitted in her complaint that her reason for submitting her January 3, 2022, answers was because she knew she had not answered the questions previously. ¶ 32

[3] Plaintiff's contention that she did not "refuse" to answer the supplemental affidavit, but rather that she "objected" to the questionnaire, is an argument over semantics.

provides no support for her argument. Even if true, plaintiff's claim for failure to accommodate should fail. Plaintiff was, upon demonstrating a bona fide religious belief, entitled to the same accommodation as other UCS employees—exemption from the COVID-19 mandate. *See* Opp. Memo at p. 14; ¶15, 17. UCS could not offer plaintiff the accommodation because she failed to engage in the interactive process. Plaintiff's argument assumes, without support, that she was entitled to the accommodation and it would have been granted, but for UCS's discriminatory intent in rejecting her application. The factual allegations, however, do not support a claim that UCS acted with discriminatory intent.

Even if a plaintiff satisfies all the elements for a Title VII religious discrimination claim, to survive a motion to dismiss she must also give "plausible support to a minimal inference of discriminatory motivation." *Littlejohn,* 795 F.3d at 311. The Court in *Littlejohn* outlined several instances that could give an inference of discriminatory motivation including "the sequence of events leading to the employee's discharge…". *Id.* at 312-13. Plaintiff does nothing more than provide conclusory allegations without any factual support that UCS acted with discriminatory intent when it denied her exemption request. Instead, the complaint supports the notion that UCS made a good faith attempt to engage with plaintiff in seeking a further understanding of her religious beliefs as it pertained to her objection of receiving the COVID-19 vaccination. ¶ 24. At no point does plaintiff provide factual support to show that UCS or any of its employees or officers acted with discriminatory intent. The only allegations plaintiff relies on to imply discrimination is that UCS did not provide a reason for denying her request and that "UCS did not question or deny the sincerity of Bergin's religious objections to the COVID-19 vaccines." ¶28-29. Neither of these allegations support an inference that UCS acted with discriminatory intent. To the contrary, plaintiff acknowledges that UCS informed her that "her request for a

religious exemption 'was considered by UCS and denied.'" ¶ 28. As demonstrated above, plaintiff knew that her failure to answer the questions in the supplemental affidavit was the reason for UCS' denial. Nowhere in plaintiff's complaint does she allege facts that support an inference that UCS or its employees acted in a discriminatory manner. Accordingly, there are no facts in dispute as to whether plaintiff failed to satisfy her burden to inform UCS of her religious beliefs and her claim should be dismissed.

**B. <u>Plaintiff's statements to UCS evince non-religious reasons for her exemption request</u>**

As acknowledged by plaintiff, UCS denied her exemption request because she failed to answer the supplemental affidavit, which prevented UCS from having the information it needed to grant her request. The fact that plaintiff, in addition to claiming religious reasons for refusing the COVID-19 vaccine, also asserted non-religious reasons, further demonstrates that UCS was not only acting in a non-discriminatory manner but was justified in denying her request because it did not have clear and sufficient information concerning her religious beliefs.

Plaintiff mischaracterizes UCS' argument as a "totality" test and erroneously claims that there is no support for the proposition that an employee has not asserted a bona-fide religious objection when she raises non-religious objections to an employment requirement. *See* Opp. Memo, p. 9. UCS has provided legal support for its position.

Both cases cited by UCS support the position that denial of a religious exemption request is lawful when the basis for the request is supported by non-religious reasons. *See Mason v. General Brown Cen. Sch. Dist.*, 851 F.2d 47 (2d Cir 1988) (affirming denial of exemption request when opposition by parents to vaccination of their children was based on scientific and secular grounds rather than on religious grounds); *Check ex. Rel. MC v. New York City Dept of Educ*. 2013 WL 2181045 (E.D.N.Y. May 20, 2013) (holding that statements made in support of a

vaccination exemption that questioned the health and safety of a vaccination is non-religious and sufficient to deny exemption request). Additionally, the Third Circuit *in Fallon v. Mercy Catholic Med. Ctr of Se. Pa.*, 877 F.3d 487 (3d Cir 2017), upheld dismissal of plaintiff's Title VII claims alleging religious discrimination when his employer denied his request for a vaccination exemption. In *Fallon*, although plaintiff made statements attributed to Buddhist teachings that supported his beliefs on bodily autonomy and personal choice supporting his refusal to receive the flu vaccination, it found his stated reasons for refusal to receive the flu vaccine non-religious in nature. *Id*. at 492.

Plaintiff does not deny that she asserted non-religious objections for seeking her religious exemption. Her complaint and opposition support UCS' position that she did not fully inform her employer of her religious beliefs. Plaintiff admits that she did not answer the supplemental affidavit in a way that would inform UCS of her religious beliefs. ¶32. These admissions are fatal to her claim of religious discrimination.

Accordingly, plaintiff's complaint fails to state a claim for religious discrimination under Title VII for which relief can be granted. Her complaint contains several factual claims that support that UCS made reasonable accommodations available to its employees, UCS attempted to obtain information from plaintiff regarding her religious beliefs, and that UCS's denial of her exemption request was not motivated with discriminatory intent. Her admissions that she declined to provide UCS with the required information prior to the stated deadlines, and her attempt to submit new responses after the deadlines and after UCS denied her request, demonstrate that she acted in bad faith. Dismissal is warranted here.

## POINT II

### PLAINTIFF'S SUBMISSION OF NEW FACTS SHOULD NOT BE CONSIDERED BY THE COURT

Plaintiff has submitted exhibits and alleges new facts in support of her arguments that the Court should deny UCS' motion because: (i) her January 3, 2022, submission to UCS was allegedly timely (*see* Opp. Memo. p. 15-17); and (ii) the Court should grant her the opportunity to take discovery on the grounds that UCS may have treated other employees' requests differently (*see* Opp. Memo. p. 17-18). The exhibits and the matters discussed therein, except Exhibit 1, are new facts outside the scope of her original complaint. Plaintiff's Exhibit 2 is a chart of various dates concerning other UCS employees' vaccine exemption requests, summarized from Exhibit 3, which is a copy of the petitioners' Amended Verified Petition, in the matter of *Ventresca-Cohen v. DiFiore*, Ind. No. 901953-22 (Sup. Ct. Albany Co.).[4] *See* Warshawsky Decl., Exs. 2, 3. Exhibit 4 is a copy of supplemental responses submitted to UCS by employees whose respective requests were allegedly granted. *See* Warshawsky Decl., Ex. 4.

It is well-settled that a plaintiff cannot amend their complaint by asserting new facts or theories for the first time in opposition to a motion to dismiss. *See In re Kovacs*, 2021 WL 1603128, at *8 (E.D.N.Y. April 21, 2021); *K.D. v. White Plains Sch. Dist.*, 921 F. Supp. 2d 209 n.8 (S.D.N.Y. 2013) (collecting cases). By submitting Exhibits 2, 3, and 4, plaintiff is attempting to introduce new facts and allegations concerning UCS' vaccine exemption review process. And although a court may take judicial notice of filings and documents from other court proceedings, the purpose is limited to establish the fact of other litigation, "not for the truth of the matters

[4] Notably, the Supreme Court, Albany County (Hartman, J.) found UCS' vaccine exemption process wholly appropriate, upholding UCS' determinations in which employees failed to provide the requested information in the supplemental affidavit. *See Ventresca-Cohen v. DiFiore*, 2022 WL 15099587, at *9-10 (Sup. Ct. Albany Co. Oct. 26, 2022)

asserted" therein. *Kramer v. Time Warner, Inc.*, 937 F.2d 767, 774 (2d Cir. 1991). Other than plaintiff's Exhibit 1, she is attempting to introduce the exhibits for the truth of the statements made therein. For example, Exhibit 2 provides details of thirty-six UCS employees' respective submissions to UCS, none of whom are mentioned or otherwise referenced in plaintiff's complaint. Plaintiff's stated purpose for submitting Exhibit 2 (and 3) is to introduce facts concerning UCS review of other employees' requests.

The inclusion of Exhibit 4 is particularly inappropriate because plaintiff's claim for discrimination is not based on allegations of disparate treatment compared to similarly situated individuals. Plaintiff argues that UCS' motion should be denied so she can obtain, presumably through a proverbial fishing expedition, discovery concerning the approximately one thousand UCS employees' vaccine exemption requests made on religious grounds. By submitting Exhibit 4, she has introduced new facts and allegations concerning other UCS employees, which the Court should decline to consider. *See* Opp. Memo. p. 18.

Even assuming, *arguendo*, that Exhibit 4 is not new factual allegations or theories and therefore is properly before the Court, the exhibit has no probative value and should not be the basis of denying UCS' motion because it is an incomplete copy of the employees' submissions to UCS. Exhibit 4 consists of the supplemental affidavit, dated November 22, 2021, of "Employee 1" and a letter, dated November 29, 2021, to UCS from "Employee 2," but it does not include the employees' initial requests or any documents in support thereof. Accordingly, the Court should *not* take judicial notice of Exhibits 1, 2, and 3, and should not consider them for purposes of this motion.

## CONCLUSION

For all of the foregoing reasons UCS' motion to dismiss the complaint should be granted.

Dated: New York, New York
November 23, 2022

Respectfully submitted,

ANTHONY R. PERRI
Acting Counsel
Attorney for UCS
By:

/S/
MICHAEL J. SIUDZINSKI
Assistant Deputy Counsel
25 Beaver Street
New York, New York 10004
(212) 428-2150

MICHAEL J. SIUDZINSKI
Assistant Deputy Counsel
Of Counsel

ROBYN L. ROTHMAN
Associate Counsel
Of Counsel