UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
JESSICA BERGIN,

Plaintiff,

-against-

NEW YORK STATE UNIFIED COURT SYSTEM,

Defendants.
----------------------------------------------------------------------X

Ind. No. 22-CV-5264 (BMC)

**ANSWER ON BEHALF OF NYS UNIFED COURT SYSTEM**

Defendant New York State Unified Court System (UCS), by its attorney, ANTHONY R. PERRI, in answer to the Complaint, hereby alleges as follows:

**NATURE OF THE ACTION**

1. Asserts that the allegations contained in paragraph 1 of the Complaint are personal opinions and legal conclusions to which no response is required. To the extent a response is required, UCS denies the allegations that it discriminated against plaintiff or otherwise took any illegal action, and denies that plaintiff is entitled to the relief requested therein, but admits that plaintiff asserts claims under the statutes and provisions cited therein.

2. Admits the allegations as contained in paragraph 2 of the Complaint.

3. Admits the allegations as contained in paragraph 3 of the Complaint.

**JURISDICTION AND VENUE**

4. Asserts that the allegations contained in paragraph 4 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, UCS denies knowledge and information sufficient to form a belief as to

the truth of the allegations, but admits that plaintiff asserts jurisdiction under the provisions cited therein.

5. Asserts that the allegations contained in paragraph 5 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, UCS does not contest venue.

**ADMINISTRATIVE EXHAUSTION**

6. Asserts that the allegations contained in paragraph 6 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, UCS denies knowledge and information sufficient to form a belief as to the truth of the allegations.

7. Denies knowledge and information sufficient to form a belief as to the truth of the allegations as contained in paragraph 7 of the Complaint, but avers that plaintiff filed a complaint with the Equal Employment Opportunity Commission related to her employment with UCS.

8. Denies knowledge and information sufficient to form a belief as to the truth of the allegations as contained in paragraph 8 of the Complaint and refers the Court to the relevant documents for the truth of the statements made therein.

9. Denies knowledge and information sufficient to form a belief as to the truth of the allegations as contained in paragraph 9 of the Complaint.

**ALLEGATIONS**

10. Admits the allegations as contained in paragraph 10 of the Complaint.

11. Admits the allegations as contained in paragraph 11 of the Complaint.

12. Admits the allegations as contained in paragraph 12 of the Complaint.

13. Asserts that the allegations contained in paragraph 13 of the Complaint are personal opinions and legal conclusions to which no response is required. To the extent a response is required, UCS denies the allegations.

14. Admits the allegations as contained in paragraph 14 of the Complaint and refers the Court to the relevant documents for the truth of the statements made therein.

15. Admits the allegations as contained in paragraph 15 of the Complaint and refers the Court to the relevant documents for the truth of the statements made therein.

16. Admits the allegations as contained in paragraph 16 of the Complaint and refers the Court to the relevant documents for the truth of the statements made therein.

17. Admits the allegations as contained in paragraph 17 of the Complaint and refers the Court to the relevant documents for the truth of the statements made therein.

18. Admits the allegations as contained in paragraph 18 of the Complaint and refers the Court to the relevant documents for the truth of the statements made therein.

19. Admits the allegations as contained in paragraph 19 of the Complaint.

20. Denies knowledge and information sufficient to form a belief as to the truth of the allegations as contained in paragraph 20 of the Complaint.

21. Admits the allegations as contained in paragraph 21 of the Complaint and refers the Court to the relevant documents for the truth of the statements made therein.

22. Admits the allegations as contained in paragraph 22 of the Complaint and refers the Court to the relevant documents for the truth of the statements made therein.

23. Admits the allegations as contained in paragraph 23 of the Complaint and refers

the Court to the relevant documents for the truth of the statements made therein.

24. Admits the allegations as contained in paragraph 24 of the Complaint and refers the Court to the relevant documents for the truth of the statements made therein.

25. Denies that plaintiff submitted answers to the questions as alleged in paragraph 25 of the Complaint, but admits that plaintiff submitted a personal statement on or about November 16, 2021, and refers the Court to the relevant documents for the truth of the statements made therein.

26. Denies the allegations as contained in paragraph 26 of the Complaint.

27. Admits that UCS asked some employees who had made requests to be exempt from its COVID-19 vaccine policy for religious reasons to complete the "follow-up questions," but denies the remaining allegations contained in paragraph 27 of the Complaint.

28. Admits the allegations as contained in paragraph 28 of the Complaint and refers the Court to the relevant documents for the truth of the statements made therein.

29. Admits the allegations as contained in paragraph 29 of the Complaint and refers the Court to the relevant documents for the truth of the statements made therein.

30. Admits the allegations as contained in paragraph 30 of the Complaint and refers the Court to the relevant documents for the truth of the statements made therein.

31. Denies knowledge and information sufficient to form a belief as to the truth of the allegations as contained in paragraph 31 of the Complaint concerning plaintiff's knowledge and avers that the remaining allegations are legal conclusions to which no response is required. To the extent a response is required, UCS denies the

allegations.

32. Denies knowledge and information sufficient to form a belief as to the truth of the allegations as contained in paragraph 32 of the Complaint concerning plaintiff's knowledge, but admits that plaintiff submitted a further response to UCS' request for information on or about January 3, 2022.

33. Admits the allegations as contained in paragraph 33 of the Complaint and refers the Court to the relevant documents for the truth of the statements made therein.

34. Admits the allegations as contained in paragraph 34 of the Complaint.

35. Denies knowledge and information sufficient to form a belief as to the truth of the allegations as contained in paragraph 35 of the Complaint.

36. Admits the allegations as contained in paragraph 36 of the Complaint and refers the Court to the relevant documents for the truth of the statements made therein.

37. Denies the allegations as contained in paragraph 37 of the Complaint.

38. Admits that UCS employees were required to engage in COVID-19 safety precautions, but denies the remaining allegations as contained in paragraph 38 of the Complaint.

39. Denies knowledge and information sufficient to form a belief as to the truth of the allegations as contained in paragraph 39 of the Complaint.

40. Admits that plaintiff worked full-time "while her request for a religious exemption was pending," but denies the remaining allegations as contained in paragraph 40 of the Complaint.

41. Denies the allegations as contained in paragraph 41 of the Complaint.

42. Asserts that the allegations contained in paragraph 42 of the Complaint are personal opinions and legal conclusions to which no response is required. To the extent a response is required, UCS denies knowledge and information sufficient to form a belief as to the truth of the allegations.

43. Asserts that the allegations contained in paragraph 43 of the Complaint are personal opinions and legal conclusions to which no response is required. To the extent a response is required, UCS denies knowledge and information sufficient to form a belief as to the truth of the allegations.

44. Asserts that the allegations contained in paragraph 44 of the Complaint are personal opinions and legal conclusions to which no response is required. To the extent a response is required, UCS denies knowledge and information sufficient to form a belief as to the truth of the allegations.

45. Denies knowledge and information sufficient to form a belief as to the truth of the allegations as contained in paragraph 45 of the Complaint.

46. Denies knowledge and information sufficient to form a belief as to the truth of the allegations as contained in paragraph 46 of the Complaint.

47. Denies knowledge and information sufficient to form a belief as to the truth of the allegations as contained in paragraph 47 of the Complaint.

48. Denies knowledge and information sufficient to form a belief as to the truth of the allegations as contained in paragraph 48 of the Complaint concerning plaintiff's knowledge, but admits that some UCS employees were granted exemptions to its COVID-19 vaccine policy, and denies the remaining allegations.

49. Admits the allegations as contained in paragraph 49 of the Complaint, but denies knowledge and information sufficient to form a belief as to the truth of the allegations concerning plaintiff's "insurance benefits."

50. Denies knowledge and information sufficient to form a belief as to the truth of the allegations as contained in paragraph 50 of the Complaint.

51. Denies knowledge and information sufficient to form a belief as to the truth of the allegations as contained in paragraph 51 of the Complaint.

**<u>COUNT ONE: VIOLATION OF TITLE VII</u>**

52. Denies the allegations as contained in paragraph 52 of the Complaint.

53. Asserts that the allegations contained in paragraph 53 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, UCS denies that it violated plaintiff's rights under Title VII and refers the Court to relevant statutes for the truth of the statements therein.

54. Asserts that the allegations contained in paragraph 54 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, UCS denies that it violated plaintiff's rights under Title VII and refers the Court to relevant statutes for the truth of the statements therein.

55. Denies the allegations as contained in paragraph 55 of the Complaint.

56. Denies the allegations as contained in paragraph 56 of the Complaint.

**<u>DEMAND FOR A JURY TRIAL</u>**

57. Asserts that the allegations contained in paragraph 57 of the Complaint are personal opinions and legal conclusions to which no response is required. To the

extent a response is required, UCS denies knowledges and knowledge and information sufficient to form a belief as to the truth of the allegations contained therein.

**PRAYER FOR RELIEF**

58. Avers that the allegations contained in the "Wherefore" clause, including sub-paragraphs (A) through (H), of the Complaint, are plaintiff's legal conclusions to which a response is not required. To the extent a response is deemed to be required, UCS denies that plaintiff is entitled to the relief she requests.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**
**UCS ALLEGES THAT:**

59. The Complaint fails to state a claim or facts sufficient to constitute a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**
**UCS ALLEGES THAT:**

60. Plaintiff fails to allege or sufficiently plead either a constitutional, statutory, or regulatory violation upon which relief can be granted in her Complaint.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**
**UCS ALLEGES THAT:**

61. Plaintiff cannot demonstrate a discriminatory animus by the defendants, necessary to plead a cause of action under Title VII of the Civil Rights Act of 1964.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**
**UCS ALLEGES THAT:**

62. At all times relevant to the allegations in the Complaint, UCS's actions were taken in compliance with lawful procedure.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**
**<u>UCS ALLEGES THAT</u>:**

63. UCS acted in good faith compliance with all relevant constitutional and statutory laws and denies that it has ever acted in willful disregard of plaintiff's rights; thus plaintiff is not entitled to any damages, including punitive, double or any other exemplary damages.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**
**<u>UCS ALLEGES THAT</u>:**

64. Plaintiff's claims fail on the basis of the doctrine of qualified immunity.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**
**<u>UCS ALLEGES THAT</u>:**

65. Some or all of plaintiff's alleged injuries were the result of plaintiff's actions.

**AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE**
**<u>UCS ALLEGES THAT</u>:**

66. Plaintiff's claims for damages are barred to the extent that she failed to mitigate said damages.

**AS AND FOR AN NINTH AFFIRMATIVE DEFENSE**
**<u>UCS ALLEGES THAT</u>:**

67. Plaintiff cannot perform the essential functions of her job with the requested reasonable accommodation.

**AS AND FOR AN TENTH AFFIRMATIVE DEFENSE**
**<u>UCS ALLEGES THAT</u>:**

68. Providing Plaintiff's requested reasonable accommodations would create an undue hardship.

**AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE**
**<u>UCS ALLEGES THAT</u>:**

69. Plaintiff failed to adequately inform UCS of any reason why she was entitled to a reasonable accommodation.

**AS AND FOR AN TWELFTH AFFIRMATIVE DEFENSE**
**UCS ALLEGES THAT:**

70. UCS intends to rely on such other and further defenses that may become available or apparent during pre-trial proceedings or at trial in this action, and hereby reserves its right to amend its Answer to assert any such additional defenses.

**WHEREFORE,** it is respectfully prayed that the relief requested by plaintiff be in all respects denied, that the relief requested by UCS be granted, and that the Complaint be dismissed in its entirety, with costs and disbursements.

Dated: New York, New York
December 13, 2022


ANTHONY R. PERRI
Acting Counsel
Attorney for New York State Unified
Court System
By:

/S/
MICHAEL J. SIUDZINSKI
Assistant Deputy Counsel

ROBYN ROTHMAN
Associate Counsel
25 Beaver Street
New York, New York 10004
(212) 428-2150