Law Firm of Steven M. Warshawsky
www.warshawskylawfirm.com

118 North Bedford Road, Suite 100
Mount Kisco, New York 10549

Tel: (914) 864-3353
Email: smw@warshawskylawfirm.com

February 1, 2023

**VIA ELECTRONIC CASE FILING**
Hon. Brian M. Cogan
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201
(718) 613-2230

Re: Jessica Bergin v. NYS Unified Court System
Case No. 22-CV-5264 (BMC) (EDNY)

Dear Judge Cogan:

I represent Plaintiff Jessica Bergin in the above-referenced Title VII case involving a claim that the defendant failed to reasonably accommodate the plaintiff's bona fide religious objections to a mandatory COVID-19 vaccination policy.

This letter is submitted in accordance with the Court's Docket Order 1/26/23 regarding the submission of relevant comparator evidence. This submission is being made without prejudice to Plaintiff's right to assert additional legal and factual arguments in support of her claim.

**Background**

As explained during the status conference on January 26, after consultations between the parties, the defendant produced approximately 300 comparator files of Unified Court System employees (whose names and unique identifying information have been redacted) *who were granted religious exemptions* to the COVID-19 vaccination policy. These files represent approximately half of the total number of granted exemptions and were decided by the same exemptions committee that considered Ms. Bergin's application. The defendant refers to these files as the "Group B" comparators.

Out of these Group B files, the plaintiff has identified 11 relevant comparators whose responses to the Supplemental Affidavit were similar to Ms. Bergin's in various ways, and yet their applications were approved while Ms. Bergin's was denied, allegedly on the grounds that she failed to respond adequately to the Supplemental Affidavit. Note: The plaintiff does not know if these comparators are men or women, but for the sake of simplicity this letter will use female pronouns unless the employee's statement indicates the employee is a man.

**Comparators**

*Exhibit 1 – Plaintiff Bergin*

Ms. Bergin was requested to complete Section A and Section B of the Supplemental Affidavit. For Section A, she signed the first page; she initialed the boxes relating to other pharmaceutical products and other vaccinations, but she did not answer the boxed questions, instead referring to an attached statement ("please see attached"). For Section B, she did not answer the narrative questions, instead referring to an attached statement ("please see attached"). Her attached statement reiterated her sincere religious objections to the COVID-19 vaccines, and stated, *inter alia*, that "[m]y family and I strive to keep our individual medical information private," "I do not put anything into my body that violates my deeply held religious beliefs," and "I have lived my entire life devoted to Jesus Christ."

*Exhibit 2 – Employee #1043*

This employee apparently was asked to complete Section A and Section B of the Supplemental Affidavit. For Section A, she signed the first page and answered the boxed questions. For Section B, she provided some answers to the narrative questions. Included in her answers was her statement that "I have submitted a detailed explanation previously at your request" and "I feel strongly in my religious beliefs" and "I feel very strongly in my religious and medical privacy." Unlike Ms. Bergin, it does not appear that she submitted another personal statement along with the Supplemental Affidavit.

This employee's general statements about her religious beliefs are similar to Ms. Bergin's as is her statement about her medical privacy.

*Exhibit 3 – Employee #1092*

This employee was requested to complete Section A and Section B of the Supplemental Affidavit. For Section A, she signed the first page and answered the boxed questions. For Section B, she did not answer any of the narrative questions, instead writing "N/A" for each question. Unlike Ms. Bergin, it does not appear that she submitted another personal statement along with the Supplemental Affidavit.

This employee simply failed or refused to answer the Section B questions, whereas Ms. Bergin provided answers to Section B in the form of an additional personal statement.

*Exhibit 4 – Employee #1329*

This employee apparently was asked to complete Section A and Section B of the Supplemental Affidavit. For Section A, she signed the first page and answered the boxed questions. For Section B, she provided some answers but mainly asserted various objections to the narrative questions, including repeatedly stating that the questions were asking for "personal health information covered under Title VII" and asserting that "participating in this [the questionnaire], is a violation of my sincerely held religious beliefs . . . ." Unlike Ms. Bergin, it does not appear that she submitted another personal statement along with the Supplemental Affidavit.

This employee's general statements about her religious beliefs are similar to Ms. Bergin's as are her statements about her medical privacy.

*Exhibit 5 – Employee #1330*

This employee apparently was asked to complete Section A and Section B of the Supplemental Affidavit. For Section A, she signed the first page and answered the boxed questions. For Section B, she provided some answers but mainly asserted various objections to the narrative questions, including repeatedly stating that the questions were asking for "personal health information covered under Title VII." This employee's responses are very similar to Employee #1329's. Unlike Ms. Bergin, it does not appear that she submitted another personal statement along with the Supplemental Affidavit.

This employee's statements about her medical privacy are similar to Ms. Bergin's.

*Exhibit 6 – Employee #1476*

This employee apparently was asked to complete Section A and Section B of the Supplemental Affidavit. For Section A, she signed the first page and answered the boxed questions. For Section B, she provided some answers but mainly asserted various objections to the narrative questions, including repeatedly stating that "I reserve my rights under HIPAA and do not wish to discuss my medical history." Unlike Ms. Bergin, it does not appear that she submitted another personal statement along with the Supplemental Affidavit.

This employee's statements about her medical privacy are similar to Ms. Bergin's.

*Exhibit 7 – Employee #1574*

This employee apparently was asked to complete Section A and Section B of the Supplemental Affidavit. For Section A, he signed the first page and answered the boxed questions. For Section B, he only answered one question (with a terse "no") but repeatedly asked how the questions relate to his "deeply held and sincere beliefs" and referred to his previous personal statement. Unlike Ms. Bergin, it does not appear that he submitted another personal statement along with the Supplemental Affidavit.

This employee mostly did not answer the Section B questions, but instead referred to a personal statement, similar to Ms. Bergin.

*Exhibit 8 – Employee #1667*

This employee apparently was asked to complete Section A and Section B of the Supplemental Affidavit. For Section A, she signed the first page and partially answered the boxed questions, referring to an attached statement and asserting objections based on "personal health information covered by Title VII." For Section B, she only answered one question (with a terse "no") but repeatedly asked how the questions "pertain[] to my reasonable accommodation" and asserted objections based on "personal health information covered by Title VII." Like Ms. Bergin, she attached another statement to the Supplemental Affidavit that reiterated the religious bases for her objections to the COVID-19 vaccine.

This employee's case is similar to Ms. Bergin's in that she mostly did not answer the Section A and Section B questions, asserted objections to providing the requested information, and submitted an additional personal statement explaining her religious beliefs. Note: The two samples submitted with the plaintiff's opposition to the defendant's motion to dismiss appear to be from this employee.

*Exhibit 9 – Employee #1672*

This employee apparently was asked to complete Section A and Section B of the Supplemental Affidavit. For Section A, she signed the first page and answered the boxed questions. For Section B, she answered only one question (with a terse "no") but repeatedly asked how the questions relate to her sincerely held religious belief. She also wrote on the last page of the affidavit that she "reserve[d] my right to pursue legal remedies available to me . . . if my request for a reasonable accommodation is not met." Unlike Ms. Bergin, it does not appear that she submitted another personal statement along with the Supplemental Affidavit.

This employee mostly did not answer the Section B questions, similar to Ms. Bergin.

*Exhibit 10 – Employee #1695*

This employee was asked to complete Section A and Section B of the Supplemental Affidavit. For Section A, she signed the first page and answered the boxed questions and also added a written explanation that she does not take vaccines and has "gone more into a holistic approach" and providing what appears to be *medical reasons* to support her request for a religious exemption. For Section B, she completely ignored this section and provided no answers. Unlike Ms. Bergin, it does not appear that she submitted another personal statement along with the Supplemental Affidavit (except for the written comments about holistic medicine).

This employee did not answer the Section B questions, similar to Ms. Bergin.

*Exhibit 11 – Employee #1805*

This employee was asked to complete Section A and Section B of the Supplemental Affidavit. For Section A, she signed the first page and answered the boxed questions. For Section B, she refused to answer the questions, crossing them out with a line and writing "N/A." Unlike Ms. Bergin, it does not appear that she submitted another personal statement along with the Supplemental Affidavit.

This employee did not answer the Section B questions, similar to Ms. Bergin.

*Exhibit 12 – Employee #2232*

This employee was asked to complete Section A and Section B of the Supplemental Affidavit. For Section A, she signed the first page and answered the boxed questions. There's no evidence that she answered the Section B questions. She also added some written comments about how "there has been no isolate found for SARSCoV2," about how she was being subjected to duress and coercion, and providing various legal citations (including "Nuremberg 2.0"). She appended to the Supplemental Affidavit her own 4-page legal questionnaire, a 5-page "Proposed Indictment," an 8-page informational printout from the National Vaccine Information Center, and four more pages of materials – none of which was related to her religious beliefs or religious objections to the COVID-19 vaccine. It does not appear that she submitted another personal statement along with the Supplemental Affidavit.

This employee did not answer the Section B questions, similar to Ms. Bergin.

**Summary**

Although there is no single comparator whose response to the Supplemental Affidavit was the same as Ms. Bergin's, there are several comparators who, like Ms. Bergin, asserted objections to the questions based on medical privacy, failed or refused to answer each of the required questions, and referred to a personal statement in lieu of answering each question directly. For Section B, in particular, some comparators provided limited answers and some comparators provided no answers. Furthermore, nothing in the instructional letter sent to the employees indicated that Section A was more important than Section B. Taken as a whole, it cannot be said that Ms. Bergin provided less responsive answers and less relevant information in support of her religious exemption than each of these comparators whose applications were granted.

Thank you for your time and consideration.

Respectfully submitted,

/s/ *Steven M. Warshawsky*

Steven M. Warshawsky