**NEW YORK STATE**
Unified Court System
OFFICE OF COURT ADMINISTRATION

**HON. JOSEPH A. ZAYAS**
CHIEF ADMINISTRATIVE JUDGE

**ANTHONY R. PERRI**
ACTING COUN SEL

June 14, 2023

**BY ECF**
Hon. Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: Bergin v. NYS Unified Court System
E.D.N.Y., 22 cv 5264 (BMC)

Dear Judge Cogan:

This Office represents the New York State Unified Court System ("UCS") in this action. In accordance with the Court's Individual Practices § 3.A., UCS respectfully requests a pre-motion conference in anticipation of its motion for summary judgment.

**Background**

By complaint, filed September 2, 2022, this action was commenced against UCS. Plaintiff, a former UCS employee, alleges a single cause of action against UCS pursuant to Title VII for religious discrimination. Plaintiff alleges that UCS engaged in religious discrimination by (1) denying her request to be exempt from UCS' COVID-19 vaccine mandate policy, and (2) by terminating her employment with UCS due to her failure to be vaccinated under UCS' policy.

Pursuant to the Court's Order on the record during the February 16, 2023, initial conference the parties completed discovery in this matter on June 7, 2023.

**No Evidence of Discrimination**

Plaintiff cannot sustain a claim under Title VII for religious discrimination. To make out a *prima facie* case of religious discrimination, a plaintiff must show "(1) they held a bona fide religious belief conflicting with an employment requirement; (2) they informed their employers of this belief; and (3) they were disciplined for failure to comply with the conflicting employment requirement." *Knight v. Connecticut Dept. of Public Health*, 275 F.3d 156, 167 (2d Cir. 2001) (citing *Philbrook v. Ansonia Bd. of Educ.*, 757 F.2d 476, 481 (2d Cir. 1985)). Plaintiff did not inform UCS of her alleged religious beliefs through the interactive process, which UCS reasonably prescribed in order to effectively consider and respond to the significant number of employee exemption requests concerning the COVID-19 vaccine.

Even if Plaintiff can establish a *prima face* claim, she must still show that UCS' actions were motivated by a discriminatory intent. *See Ricci v. DeStefano*, 557 US 557, 577-78 (2009). There is no evidence to support a finding that any employee or official of UCS was motivated by a discriminatory intent in denying her religious accommodation request. In the absence of discrimination, it is not the province of courts or anti-discrimination agencies to sit as a "super personnel department to second-guess an employer's business judgment," even if it is poor or erroneous. *See Williams v. New York City Dept. of Sanitatio*n, 2001 WL 1154627, at *18

(S.D.N.Y Sept. 28, 2001) (collecting cases).

Thank you for your attention to this matter.

Respectfully submitted,

/S/

Michael J. Siudzinski
Assistant Deputy Counsel

cc: Steven Warshawsky, *counsel for plaintiff*, via ECF