UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
JESSICA BERGIN,

Plaintiff,

-against-

NEW YORK STATE UNIFIED COURT SYSTEM,

Defendant.
---------------------------------------------------------------------X

Ind. No. 22-CV-5264 (BMC)

**DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST SET OF DISCOVEY REQUESTS**

Defendant New York State Unified Court System ("UCS"), by its attorney, Anthony R. Perri, Acting Counsel, New York State Office of Court Administration, hereby responds to Plaintiff's First Set of Interrogatories directed to it as follows:

GENERAL OBJECTIONS

1. Defendant UCS objects to each request to the extent that it does not seek specific information, but rather is asking defendant to make admissions as to the allegations in plaintiff's complaint. Any response by defendant to plaintiff's request does not constitute an admission as to the allegations in the complaint.
2. Defendant objects to each request to the extent that it seeks information protected against disclosure by the attorney-client privilege, the work-product doctrine, material prepared in anticipation of or for litigation privilege, or any other applicable privilege or rule of confidentiality. Defendant construes each request as not seeking information which has come into the existence or custody of defendant because of this litigation.
3. Defendant objects generally to the requests to the extent that they seek to impose

obligations which are beyond those imposed by the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Eastern District of New York and to the extent that the requests are over broad and unduly burdensome and seek information and material which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action.

4. By answering or responding to any of the following requests in a good faith attempt to facilitate the progress of the case, defendant does not waive objections thereto whether during further discovery or during the progress of the case to its conclusion. Defendant reserves the right to supplement his responses if it obtains additional information or documentation.

5. Defendant objects generally to the requests to the extent they seek to have defendant provide documentary materials in addition to the statement made in response to the interrogatory.

**INTERROGATORIES**

1. Identify all persons who were members of the UCS Vaccination Exemption Review Committee/Working Group B, including each person's name, job title, and dates of service on the committee.

Response to Int. #1

UCS objects to this request that it is overly broad and unduly burdensome. Notwithstanding these objections, the identify of individuals who may be responsive to this request have been previously identified in UCS' February 22, 2023 Rule 26 disclosures including but not limited to Nancy Barry, Chief of Operations; Shawn Kirby, Counsel, Labor Relations; Linda Dunlap-Miller, Chief of Staff for the Deputy Chief Administrative

Judge for the New York City Courts; Scott Murphy, Chief of Staff for the Deputy Chief Administrative Judge for the Courts Outside New York City; and Daniel Weitz, Director of Professional and Court Services.

2. Identify all persons who were personally involved in reviewing, discussing, evaluating, and/or deciding whether or not to approve Jessica Bergin's application for a religious exemption to the UCS COVID-19 vaccination policy, including each person's name and job title.

Response to Int. #2

UCS objects to this request that it is overly broad and unduly burdensome. Notwithstanding these objections, the identify of individuals who may be responsive to this request have been previously identified in UCS' February 22, 2023 Rule 26 disclosures including but not limited to Nancy Barry, Chief of Operations; Shawn Kirby, Counsel, Labor Relations; Linda Dunlap-Miller, Chief of Staff for the Deputy Chief Administrative Judge for the New York City Courts; Scott Murphy, Chief of Staff for the Deputy Chief Administrative Judge for the Courts Outside New York City; and Daniel Weitz, Director of Professional and Court Services.

3. If there was a final decision-maker with respect to Jessica Bergin's application for a religious exemption to the UCS COVID-19 vaccination policy, identify such person's name and job title.

Response to Int. #3

UCS objects to this request as vague, overly broad, unduly burdensome, not limited in scope, to the extent that it seeks information that is protected by the attorney-client

communications privilege and attorney work production doctrine. UCS further objects that the request for dates of communications calls for information beyond the requirements of Local Rule 33.3 and is more appropriately obtained through the use of a deposition pursuant to Local Rule 33.3(b). Notwithstanding these objections, a "final decision-maker" does not exist. Each exemption request was evaluated by either the full or a quorum of the committee and the decision to grant or deny was based upon a majority vote of the committee. For a listing of names please see response to Int. #1 and Int. #2.

4. For each of the alleged comparators who have been previously identified by Plaintiff (see ECF Doc. 22), identify all persons who were personally involved in reviewing, discussing, evaluating, and/or deciding whether or not to approve each comparator's application for a religious exemption to the UCS COVID-19 vaccination policy, including each person's name and job title.

Response to Int. #4

UCS objects to this request that it is overly broad and unduly burdensome. Notwithstanding these objections, the identify of individuals who may be responsive to this request have been previously identified in UCS' February 22, 2023 Rule 26 disclosures including but not limited to Nancy Barry, Shawn Kirby, Linda Dunlap-Miller, Scott Murphy, Daniel Weitz. With respect to alleged co-comparators RID #1092 and RID #2232, each of their initial exemption requests were evaluated by Committee A, which was comprised of the following people: Justin Barry, Chief of Administration, Co-Chair; Jennifer DiLallo, Deputy Chief of Staff for the Deputy Chief Administrative Judge for the Courts Outside New York City; Keith Miller, Principal Management Analyst, Human

Resources; Michelle Smith, Chief of Staff for the Office of the Judicial Institute; and John Sullivan, UCS Statewide ADA Coordinator. With respect to alleged co-comparators RID #1092 and RID #2232, their supplemental requests were reviewed by a combination of members from Committee A and Committee B.

5. For each of the alleged comparators who have been previously identified by Plaintiff (see ECF Doc. 22), if there was a final decision-maker with respect to each comparator's application for a religious exemption to the UCS COVID-19 vaccination policy, identify such person's name and job title.

Response to Int. #5

UCS objects to this request as vague, overly broad, unduly burdensome, not limited in scope, to the extent that it seeks information that is protected by the attorney-client communications privilege and attorney work production doctrine. UCS further objects that the request for dates of communications calls for information beyond the requirements of Local Rule 33.3 and is more appropriately obtained through the use of a deposition pursuant to Local Rule 33.3(b). Notwithstanding these objections, a "final decision-maker" does not exist. Each exemption request was evaluated by either the full or a quorum of the committee and the decision to grant or deny was based upon a majority vote of the committee. For a listing of names please see response to Int. #1, Int. #2, and Int. #4.

6. Identify all reasons why Jessica Bergin's application for a religious exemption to the UCS COVID-19 vaccination policy was denied.

Response to Int. #6

UCS objects to this request that it is ambiguous and overly broad, calls for a legal conclusion, and to the extent it seeks information that is protected by the privilege against disclosure of attorney-client communications and attorney work product. UCS further objects to this request on the grounds that it seeks irrelevant information which is not reasonably calculated to lead to the discovery of admissible evidence and that it seeks information beyond the scope of Local Rule 33.3. UCS contends that Plaintiff failed to provide sufficient information about her beliefs which would have allowed the committee to grant her request.

7. If Defendant contends that Ms. Bergin lacked a bona fide, good faith religious objection to the COVID-19 vaccine, identify, with as much specificity as possible, the basis for this contention.

Response to Int. #7

UCS objects to this request that it is ambiguous and overly broad, calls for a legal conclusion, and to the extent it seeks information that is protected by the privilege against disclosure of attorney-client communications and attorney work product. UCS further objects to this request on the grounds that it seeks irrelevant information which is not reasonably calculated to lead to the discovery of admissible evidence and that it seeks information beyond the scope of Local Rule 33.3. Further, UCS does not contend that Plaintiff lacked a bona fide, good faith religious objection, see response to Int. #6.

8. Identify all person(s) with personal knowledge concerning Defendant's answer to Interrogatory No. 7, including each person's name and job title.

Response to Int. #8

UCS objects to this request that it is overly broad and unduly burdensome. Notwithstanding these objections, the identity of individuals who may be responsive to this request have been previously identified in UCS' March 9, 2023 Rule 26 disclosures including but not limited to Nancy Barry, Chief of Operations; Shawn Kirby, Counsel, Labor Relations; Linda Dunlap-Miller, Chief of Staff for the Deputy Chief Administrative Judge for the New York City Courts; Scott Murphy, Chief of Staff for the Deputy Chief Administrative Judge for the Courts Outside New York City; and Daniel Weitz, Director of Professional and Court Services.

9. If Defendant contends that it would have caused an undue hardship to grant Ms. Bergin a religious exemption to the UCS COVID-19 vaccination policy, identify, with as much specificity as possible, the nature, scope, and cost of this alleged undue hardship.

Response to Int. #9

UCS objects to this request as vague, overly broad, unduly burdensome, not limited in scope, to the extent that it seeks information that is protected by the attorney-client communications privilege and attorney work production doctrine. UCS further objects that the request for dates of communications calls for information beyond the requirements of Local Rule 33.3 and is more appropriately obtained through the use of a deposition pursuant to Local Rule 33.3(b). Further, UCS does not contend that it would have caused an undue hardship to grant Plaintiff a religious exemption. See response to Int. #6.

10. Identify all persons with personal knowledge concerning Defendant's answer to Interrogatory No. 9, including each person's name and job title.

Response to Int. #10

UCS objects to this request that it is ambiguous, overly broad, unduly burdensome. UCS further objects to this request on the grounds that it seeks irrelevant information which is not reasonably calculated to lead to the discovery of admissible evidence, and it seeks information beyond the scope of Local Rule 33.3. Further, in light of UCS' response to Int. #9, this Interrogatory is not applicable to UCS.

Dated: New York, New York
April 8, 2023

ANTHONY R. PERRI
Acting Counsel
Attorney for New York State Unified
Court System
By:

/S/
ROBYN L. ROTHMAN
Associate Counsel
25 Beaver Street
New York, New York 10004
(212) 428-2150

To: Steven M. Warshawsky
Counsel for Plaintiff
The Warshawsky Firm
118 North Bedford Road, Suite 100
Mt. Kisco, NY 10549
(914) 864-3353

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
JESSICA BERGIN,

Ind. No. 22-CV-5264 (BMC)

Plaintiff,

-against-

NEW YORK STATE UNIFIED COURT SYSTEM,

Defendant.
---------------------------------------------------------------------X

INTERROGATORY VERIFICATION

STATE OF NEW YORK )
ss.:
COUNTY OF NEW YORK )

ROBYN L. ROTHMAN, being duly sworn, deposes and says that deponent is an Associate Counsel in the Office of Court Administration of the State of New York; that deponent has read the foregoing Defendant's Response to Plaintiff's Interrogatories dated March 8, 2023 and knows the contents thereof, that the same is true to deponent's own knowledge and information and belief. This verification is made by deponent because Defendant is a public agency of the State of New York, and deponent is acquainted with the facts. The grounds of deponent's belief as to all matters not stated upon deponent's knowledge are the books and records of the Unified Court System, and conversations with its agents and employees.

Robyn L. Rothman

Sworn to before me this
10th day of April, 2023

Notary Public

PEDRO MORALES
Notary Public, State of New York
No. 02MO5008822
Qualified in Queens County
Commission Expires March 01, 2027