GERALDINE A. REILLY
CHAIRMAN
MICHAEL T. GREASON
RANDALL T. DOUGLAS
JUNE F. O'NEILL
MARILYN P. O'MARA
MEMBERS

STATE OF NEW YORK
**UNEMPLOYMENT INSURANCE APPEAL BOARD**
PO Box 15126
Albany NY 12212-5126
(518) 402-0205
FAX:(518) 402-6208

EXECUTIVE DIRECTOR
TRACIE L. COVEY
CHIEF ADMINISTRATIVE LAW JUDGE
CHRISTOPHER M. TATE
JUSTIN DENTON
MARK SOKOLOWSKI
PRINCIPAL ADMINISTRATIVE LAW JUDGE

# *DECISION OF THE BOARD*
# *DECISIÓN DE LA JUNTA*

**Mailed and Filed: January 13, 2023**

**IN THE MATTER OF:**

**Appeal Board No. 626048**

**DONNA CICHON**
**40 CONCORD BLVD.**
**CLINTON NY 13323-0000**

**REBECCA L. WITTMAN, ESQ.**
**340 MAIN STREET**
**ONEIDA NY 13421-**

**OFFICE OF COURT ADMINISTRA**
**FOURTH JUDICIAL DEPT**
**200 ELIAZBETH STREET**
**UTICA NY 13502-0000**

**NYS OFFICE OF COURT ADMIN**
**MINDY M JENG ESQ**
**25 BEAVER ST 10TH FL**
**NEW YORK NY 10004**

**OFFICE OF COURT ADMINISTR**
**FOURTH JUCIDIAL DEPT**
**4 EMPIRE STATE PLZ STE 2001**
**ALBANY NY 12223-1400**

**A.S.O. - Appeals Section**
**Department of Labor Office: 801**

**A.L.J. Case No. 122-06155**

**PLEASE TAKE NOTICE** that the commissioner, or any other party affected by this decision who appeared before the Appeal Board, may appeal questions of law involved in such decision to the Appellate Division of the Supreme Court, Third Department, by written notice mailed to the Unemployment Insurance Appeal Board, PO Box 15126, Albany, New York 12212-5126 within **THIRTY DAYS** from the date this decision was mailed.

**POR FAVOR TOME NOTA** que el comisionado o cualquier otra parte afectada por esta decision que haya comparecido ante la Junta de Apelaciones puede apelar aspectos legales de dicha decision a Appellate Division of the Supreme Court, Third Department, enviando un aviso escrito a Unemployment Insurance Appeal Board, PO Box 15126, Albany, New York 12212-5126 dentro de los **TREINTA DIAS** a partir de la fecha en que esta decision fue enviada por correo.

**DOCUMENTO IMPORTANTE. PUEDE OBTENER UNA TRADUCCIÓN DEL MISMO LLAMANDO AL 1-888-209-8124 (FUERA DEL ESTADO DE NUEVA YORK 1-877-358-5306)**

PRESENT: RANDALL T. DOUGLAS, MEMBER

The Department of Labor issued the initial determinations disqualifying the claimant from receiving benefits, effective April 8, 2022, on the basis that the claimant voluntarily separated from employment without good cause; and in the alternative, on the basis that the claimant lost employment through misconduct in connection with that employment and

holding that the wages paid to the claimant by OFFICE OF COURT ADMINISTRATION prior to April 8, 2022 cannot be used toward the establishment of a claim for benefits. The claimant requested a hearing.

The Administrative Law Judge held a telephone conference hearing at which all parties were accorded a full opportunity to be heard and at which testimony was taken. There were appearances on behalf of the claimant and the employer. By decision filed September 20, 2022 (A.L.J. Case No. 122-06155), the Administrative Law Judge sustained the misconduct determination and did not rule on the issue of voluntary separation from employment without good cause.

The claimant appealed the Judge's decision to the Appeal Board. The Board considered the arguments contained in the written statements submitted on behalf of the claimant and the employer.

Based on the record and testimony in this case, the Board makes the following

FINDINGS OF FACT: The claimant was employed by the Office of Court Administration (OCA) as a court clerk for six years until January 12, 2022. Her duties required her to work in the courthouse, where she interacted with staff and the public.

On September 10, 2021, the employer informed court staff that they were required to be vaccinated against COVID-19 by September 27, 2021, unless they received approval for a medical or religious exemption. The policy provided that employees who failed to comply would be prohibited from reporting to work and could be subject to disciplinary action up to and including termination of employment. The claimant did not apply for a medical exemption but did apply for a religious exemption on October 18, 2021. The application instructed her to "provide a personal written and signed statement detailing the religious basis for your vaccination objection ... the religious principles that guide your objections to vaccination, and the religious basis that prohibits the COVID-19 vaccination." The claimant indicating that although she is a Catholic, she is not following the recommendations of the Pope to become vaccinated and instead was adhering to "religious doctrine." She stated that her true and sincere beliefs prohibited her from receiving the Covid-19 vaccine because it potentially would change her body from how God had created it by altering her cells, which God prohibits; that she believes that abortion is a sin and that because all three covid-19 vaccinations were tested using aborted fetal cells, the vaccine would break her bond with God; and that God had provided her with the antibodies she needs for protection from the virus when she contracted COVID-19 in January 2021. The claimant also asserted that she was protected from discrimination by the employer for her sincerely held religious beliefs, practices and observances under Title VII of the Civil Rights Act of 1964.

On November 18, 2021 the employer requested additional information from the claimant to support her reasons for requesting the exemption. The claimant submitted the requested information on December 2, 2022. In it, she stated that she believed that her body could heal itself although she also indicated that she had undergone four separate surgeries to repair her knee. The claimant also admitted that she takes at least three medications that had been tested using fetal cells and that she has been vaccinated against the flu. After reviewing this additional information, the employer concluded that the claimant's responses were inconsistent with her stated religious beliefs and, on January 3, 2022, denied her request for an exemption. The claimant was notified of the denial and given 10 days to provide proof that she had received the first dose of a COVID-19 vaccination.

The employer subsequently extended the January 13, 2022 vaccination deadline to April 4, 2022. The claimant's employment was terminated on April 7, 2022 because she remained unvaccinated, in violation of the employer's policy.

OPINION: The credible evidence establishes that the claimant's employment ended on April 7, 2022, because she refused to become vaccinated in accordance with the employer's COVID-19 vaccination policy. The claimant knew that she needed to become vaccinated in order to continue her employment. Although she asserts that she has a religious objection to the vaccine, the reasons she provided to the employer in support of her objection were substantially undermined when she acknowledged engaging in health practices that

directly contravene her stated beliefs. In light of this, the employer's denial of her request was not unreasonable.

Further, even where a claimant states a compelling religious reason for not receiving the COVID-19 vaccine, we have previously held that this does not excuse a failure to comply with an employer's vaccine requirement. In Appeal Board No. 622828, the Board applied a compelling interest test (*citing Sherbert v. Verner,* 374 U.S. 398 [1963]) and found that the employer's vaccine policy, which furthered the compelling governmental interest of combatting the virus and protecting the health and safety of its employees and the public, was justified and reasonable. In finding that the claimant's refusal to get vaccinated constituted a voluntary quit without good cause, the Board noted that "the Supreme Court of the United States has held that '... an individual's religious beliefs [do not] excuse him from compliance with an otherwise valid law prohibiting conduct that the State is free to regulate' (see *Employment Div. v. Smith*, 494 U.S. 872, 879 [1990])." The same is true here. Given the neutrality of the employer's vaccine requirement and the compelling governmental interest behind it, it was not improper for the employer to enforce this general health requirement.

Under these circumstances, the claimant's decision to not get vaccinated was a voluntary act that caused her separation from employment. Even if based on religious grounds, that choice does not provide her with good cause to end continuing work for unemployment insurance purposes. Accordingly, we conclude that the claimant's employment ended under disqualifying conditions. In view of our decision, it is not necessary to rule on the alternate determination of misconduct.

DECISION: The decision of the Administrative Law Judge is modified as follows and, as so modified, is affirmed.

The initial determination, disqualifying the claimant from receiving benefits, effective April 8, 2022, on the basis that the claimant voluntarily separated from employment without good cause, is sustained.

The claimant is denied benefits with respect to the issues decided herein.

HP:PN RANDALL T. DOUGLAS, MEMBER