```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
    JESSICA BERGIN,                              :
                                                 :
                          Plaintiff,             :
                                                 :   MEMORANDUM DECISION AND
                -against-                        :   ORDER
                                                 :
    NEW YORK STATE UNIFIED                       :   22-cv-5264 (BMC)
    COURT SYSTEM,                                :
                                                 :
                          Defendant.             :
                                                 :
----------------------------------------------------------- X
```

**COGAN**, District Judge.

This is an action for religious discrimination under Title VII brought by a court officer employed by the New York Unified Court System. Plaintiff contends that her employer failed to accommodate her request for a religious exemption from its COVID-19 vaccination policy. Plaintiff also claims that defendant has not demonstrated any undue hardship that would result from granting her reasonable accommodations to the COVID-19 vaccination policy. This case is before the Court on the parties' cross-motions for summary judgment.

## BACKGROUND

Plaintiff Jessica Bergin is a Christian and a member of International Christian Center, a General Council Church of the Assemblies of God. Plaintiff holds the religious belief that receiving a vaccine developed or tested with aborted fetal cell lines perpetuates the evil of abortion. When defendant issued an official memorandum requiring employees to receive COVID-19 vaccinations, plaintiff submitted a request for a religious accommodation to comply with the vaccine policy according to the process defendant had created for such requests. Plaintiff included a three-page letter, including quotes from scripture that supported her beliefs,

and a letter from her pastor, explaining plaintiff's sincerely held religious beliefs that prevented her from complying with the vaccine mandate.

Defendant responded with a letter requesting "more information before it can make a final determination" about plaintiff's religious accommodation request, including a questionnaire with follow-up questions. Plaintiff then submitted another personal statement explaining her religious beliefs and how they conflicted with the vaccine mandate. Plaintiff did not fill out the questionnaire, except to direct defendant to her personal statement for the answers to defendant's questions. Plaintiff did not include answers to defendant's questions about her use of other medications and vaccines, asserting that it was important to her to keep her medical information private.

After the deadline for responding to the questionnaire had passed, defendant denied plaintiff's request for a religious accommodation. Plaintiff then submitted another response to the questionnaire, this time filling out the questionnaire completely. Counsel for defendant notified plaintiff's supervisor that plaintiff had submitted this "new religious exemption request" but that the previous decision denying plaintiff's request was final, and the new request would not be considered. When plaintiff did not show proof of a COVID-19 vaccination by the requisite deadline, she was put on administrative leave until she used all of her accrued paid leave days, at which point she was terminated for failing to comply with the vaccine mandate.

Plaintiff then commenced this lawsuit. Her complaint states one claim for religious discrimination under Title VII. Defendant has since rescinded its vaccination policy and reinstated plaintiff. Both parties have cross-moved for summary judgment.

2

## DISCUSSION

### I.  Summary Judgment Standard

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment is warranted where the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The court must view all facts in the light most favorable to the nonmoving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986) (citing Adickes v. S. H. Kress & Co., 398 U.S. 144, 158-59 (1970)). There is no genuine issue of material fact "where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." Lovejoy-Wilson v. NOCO Motor Fuel, Inc., 263 F.3d 208, 212 (2d Cir. 2001) (citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)).

"Cross-motions for summary judgment do not alter [this] basic standard, but simply require the court to determine whether either of the parties deserves judgment as a matter of law on facts that are not in dispute." AFS/IBEX v. AEGIS Managing Agency Ltd., 517 F. Supp. 3d 120, 123 (E.D.N.Y. 2021) (citing Morales v. Quintel Entm't, Inc., 249 F.3d 115, 121 (2d Cir. 2001)). A court need not grant summary judgment for either party, "[r]ather, each party's motion must be examined on its own merits, and in each case all reasonable inferences must be drawn against the party whose motion is under consideration." Morales, 249 F.3d at 121 (citing Schwabenbauer v. Bd. of Educ., 667 F.2d 305, 314 (2d Cir. 1981)).

### II.  Religious Discrimination

Title VII makes it unlawful for an employer "to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such

individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Under Title VII, "[t]he term 'religion' includes all aspects of religious observance and practice, as well as belief, unless an employer demonstrates that he is unable to reasonably accommodate to an employee's or prospective employee's religious observance or practice without undue hardship on the conduct of the employer's business." 42 U.S.C. § 2000e(j). Accordingly, it is "an unlawful employment practice . . . for an employer not to make reasonable accommodations, short of undue hardship, for the religious practices of his employees and prospective employees." Trans World Airlines. Inc. v. Hardison, 432 U.S. 63, 74 (1977).

To establish a *prima facie* case of failure to accommodate under Title VII, plaintiffs "must show that '(1) they held a bona fide religious belief conflicting with an employment requirement; (2) they informed their employers of this belief; and (3) they were disciplined for failure to comply with the conflicting employment requirement.'" Baker v. The Home Depot, 445 F.3d 541, 546 (2d Cir. 2006) (quoting Knight v. Conn Dep't of Pub. Health, 275 F.3d 156, 167 (2d Cir. 2001)). If a plaintiff has established a *prima facie* case, "the burden then shifts to the employer to show it could not accommodate the employee['s] religious beliefs without undue hardship." Vasquez v. City of New York - Off. of Mayor, No. 22-cv-5068, 2024 WL 1348702, at *5 (E.D.N.Y. Mar. 30, 2024).

A. *Prima Facie* Case

Here, the parties do not dispute, and the Court agrees, that plaintiff has satisfied the first and third factors for her *prima facie* case: plaintiff held a bona fide religious belief conflicting with defendant's vaccine policy and she was terminated for her failure to comply with this policy. The remaining question is whether plaintiff adequately informed defendant of her religious belief through her request for accommodation.

4

"An employer need have 'only enough information about an employee's religious needs to permit the employer to understand the existence of a conflict between the employee's religious practices and the employer's job requirements.'" Hickey v. State Univ. of New York at Stony Brook Hosp., No. 10-cv-1282, 2012 WL 3064170, at *7 (E.D.N.Y. July 27, 2012) (quoting Brown v. Polk Cnty., Iowa, 61 F.3d 650, 654 (8th Cir. 1995)). Specifically, submitting a "religious accommodation form with a two-page letter that detail[s] religious objections to [a] COVID-19 vaccination requirement" is sufficient to inform an employer of an employee's religious objections to a vaccine policy. Jackson v. New York State Off. of Mental Health - Pilgrim Psychiatric Ctr., No. 23-cv-04164, 2024 WL 1908533, at *6 (E.D.N.Y. May 1, 2024) (citations omitted). This is exactly what plaintiff did here.

It is undisputed that plaintiff submitted a religious accommodation form, personal statement, and statement from her pastor detailing plaintiff's religious beliefs that conflict with defendant's vaccine mandate. This was sufficient to satisfy the requirement that plaintiff inform defendant of her conflicting religious beliefs with an employment requirement. Plaintiff's failure to properly fill out defendant's questionnaire asking follow-up questions does not change this analysis, as plaintiff had already adequately informed defendant of her beliefs.

Nor does plaintiff's failure to properly complete the questionnaire create a question of material fact about the sincerity of plaintiff's religious beliefs. Defendant does not contest, based on her initial request alone, that plaintiff had a sincerely held religious belief in conflict with the vaccine mandate. In fact, defendant has admitted, through its Rule 30(b)(6) witness and Chief of Administration, that plaintiff's initial request for a religious accommodation was "perfectly adequate" and "explained a religious belief." Given the lack of dispute regarding plaintiff's sincerely held religious belief in conflict with the vaccine mandate, plaintiff's failure to properly

5

fill out the questionnaire does not change the fact that plaintiff has satisfied this prong of the *prima facie* case for a failure to accommodate religious beliefs under Title VII.

Defendant relies on Ferrelli v. Unified Court System, No. 22-cv-68, 2022 WL 673863 (N.D.N.Y. March 7, 2022), which involved the same vaccine mandate and the same supplemental questionnaire, to reach a contrary conclusion. There, the plaintiffs sought to invalidate the vaccine mandate on religious freedom grounds. The court held that the vaccine mandate was a neutral and generally applicable requirement, and that the supplemental questionnaire could be used to test the sincerity of employees' claimed religious beliefs: "[T]he Court finds that a limited factual inquiry of the type pursued by Defendants is narrowly tailored to stem the spread of COVID-19 because it enables the state to distinguish between sincerely held religious beliefs and those beliefs that are either contrived or not religious in nature." Id. at *8.

The instant case is very different. Plaintiff is challenging neither the vaccine mandate nor the right of defendant to inquire about the sincerity of its employees' religious beliefs through the supplemental questionnaire. Instead, she is asserting, as defendant has conceded, that her initial exemption claim was "religious" and "not contrived." The initial exemption claim was satisfactory to show that her religious belief was sincerely held, and therefore the supplemental questionnaire, in her particular case, was superfluous.

Because there is no dispute that plaintiff held a bona fide religious belief conflicting with defendant's vaccine policy or that plaintiff was terminated for her failure to comply with this policy, and the undisputed facts show that plaintiff met the legal test for adequately informing defendant of this belief, there is a *prima facie* case of failure to accommodate plaintiff's religious beliefs under Title VII.

6

### B. Undue Hardship

This Court agrees with defendant that "considering and responding to employees' inquiries, submissions, and requests made after the deadline would have been an undue hardship on its operations." Plaintiff's supplemental response to the questionnaire, submitted after the vaccine policy's deadline, cannot be considered in determining whether defendant failed to accommodate plaintiff's religious beliefs.[1]

However, dispensing with any obligation to consider plaintiff's late response does not alter the fact that plaintiff has demonstrated a *prima facie* case without regard to the supplemental questionnaire, and that it would have been no hardship at all on defendant – which, again, concedes the sincerity of her initial exemption claim – to grant the exemption. Based on that first request, there is no dispute of material fact that plaintiff had a bona fide religious belief that conflicted with the vaccine mandate, defendant knew of this belief, and defendant terminated plaintiff for her failure to comply with the vaccine mandate. There was no need, and therefore no undue hardship, for defendant to consider plaintiff's late supplemental response.

Furthermore, there would have been no undue hardship in granting plaintiff's religious accommodation request. First, defendant granted 555 religious accommodation requests (out of 937 applications), permitting accommodations of the same sort requested by plaintiff. Second, defendant has since rescinded its vaccination policy and, tellingly, reinstated plaintiff to her former position over a year ago.[2]

---

[1] An accommodation is an undue hardship when it is "substantial in the overall context of an employer's business." Groff v. DeJoy, 600 U.S. 447, 468 (2023). Defendant received, and had to evaluate, over 1,200 employee exemption requests, comprising 7.5% of defendant's total staff. The committee that reviewed these requests spent hundreds of hours reviewing employees' requests. It would be an undue hardship to require defendant to consider employees' requests or supplemental responses received after the deadline.

[2] Defendant's final argument is that E.E.O.C. v. Abercrombie & Fitch Stores, Inc., 575 U.S. 768 (2015), requires plaintiff to show that defendant was motivated to discriminate against her. The case does not apply in this context. Abercrombie merely held that when the employee (or prospective employee, as in that case) does not inform the

7

If defendant wanted to send out a supplemental questionnaire for every claim of religious exemption, there was, as <u>Ferrelli</u> holds, no constitutional impediment in doing so. But if the claim for religious exemption itself presented sufficient grounds to grant the exemption, as defendant concedes it did here, defendant could not use the failure to timely complete the supplemental questionnaire as a reason to deny the exemption.

## CONCLUSION

Plaintiff's motion for summary judgment [26] is granted and defendant's motion for summary judgment [27] is denied. By separate order, the Court will set this matter down for trial on the issue of damages.

**SO ORDERED.**

*Brian M. Cogan*
U.S.D.J.

Dated: Brooklyn, New York
       October 7, 2024

---

employer of her need for a religious accommodation, the employer's employment decision, if motivated in substantial part by the desire to frustrate the exercise of the religious practice without the presence of an undue burden, is still actionable under Title VII. Here, defendant was well aware of plaintiff's need for a religious exemption.