New York State
Unified Court System
Office of Court Administration • Counsel's Office

Hon. Joseph A. Zayas
Chief Administrative Judge

Hon. Norman St. George
First Deputy Chief Administrative Judge

David Nocenti
Counsel

October 17, 2024

**BY ECF**
Hon. Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: Bergin v. NYS Unified Court System
E.D.N.Y., 22 cv 5264 (BMC)

Dear Judge Cogan:

This Office represents the New York State Unified Court System ("UCS") in this action. In accordance with the Court's Individual Practices § III.B., UCS respectfully requests a pre-motion conference in anticipation of a motion for certification of an appeal of the Court's Decision and Order, dated October 7, 2024 (entered October 8, 2024), finding liability against UCS for plaintiff's claim under Title VII of the Civil Rights Act. UCS also seeks leave to move for reconsideration of the Court's Order. Lastly, UCS seeks a stay of the trial on damages until such time as these issues are resolved.

**1. Background**

On or about August 11, 2023, the parties' respective motions for summary judgment were fully submitted to the Court. By its motion, UCS sought judgment on the grounds that plaintiff could not demonstrate a prima facie claim of Title VII religious discrimination (in the form of failure to accommodate) because she had failed to participate in UCS's process for determining eligibility. Additionally, UCS argued that even if such claim could be demonstrated, UCS faced an undue hardship in both deciding employee accommodation requests and considering late applications and appeals thereof. Plaintiff, by her motion, sought a judgment on whether UCS was liable for failure to accommodate under Title VII.

The Court, in its Order dated October 7, 2024, denied UCS's motion and granted plaintiff's motion, finding that plaintiff had established her prima facie case, holding that 1) plaintiff held a bona fide religious belief; 2) she sufficiently informed UCS of her alleged religious belief by her initial application and could have granted her request without further information from her; and 3) she was terminated for failure to comply with UCS' vaccination policy. The Court, however, also determined that UCS had demonstrated undue hardship. After determining liability against UCS, the Court set this matter down for a trial on damages.



25 Beaver Street, New York, NY 10004 • Phone: (212) 428-2150 • Fax: (212) 428-2155

**2. Certification of an Interlocutory Appeal**

Pursuant to 28 U.S.C. § 1292(b), a District Court may provide certification of an order for an interlocutory appeal when such order "(1) involves a controlling question of law (2) as to which there is a substantial ground for difference of opinion and (3) that an immediate appeal from [that] order may materially advance the ultimate termination of the litigation."

It is UCS's position that the Court's Order raises at least three issues concerning a controlling question of law. One, whether an employer *must* grant an employee religious accommodation without seeking further information in response to the employee's initial application or if the employer is entitled to probe the sincerity of the employee's belief by seeking additional information, even if, on its face, the initial application could be found to be sufficient. Two, whether a party's response to a pre-discovery contention interrogatory may be deemed a concession of a point of law when the party does not have sufficient information to answer the interrogatory and states such in its answer. And Three, whether summary judgment may be granted in the plaintiff's favor if the Court determines that a plaintiff-employee has established a prima facie claim *and also* that the defendant-employer has demonstrated undue hardship.

We believe there is a substantial ground for difference of opinion on each of these issues, particularly with respect to issue One. Although the Court held that an employer may grant a religious accommodation based solely on the initial request, we believe the Court's decision ignores the well-established caselaw that employers are permitted to seek additional information and to probe the sincerity of an employee's alleged beliefs through the interactive process. Indeed, the cases relied upon by the Court are misapplied here. The quote relied upon by the Court from *Hickey* does not support the Court's position that an employer must grant an accommodation without further inquiry. The language used by the court in *Hickey* was included to refute defendant's argument that an employee must specifically seek a religious accommodation when an employer is already aware of a conflict between the employee's beliefs and work requirements. *See Hickey v. SUNY at Stone Brook Hosp.*, 2012 WL 3064170, at *7 (E.D.N.Y. July 27, 2012) (citing *Brown v. Polk Cnty., Iowa*, 61 F.3d 650, 654 (8th Cir. 1995)). Indeed, there is no discussion of the interactive process by the Court of Appeals in *Brown*, and largely predates most of the caselaw on this issue.

Similarly, the quotation from *Jackson* is inapposite because the court found only that the plaintiff had sufficiently pleaded prima facie claim in order to defeat a motion to dismiss, a lower threshold than for establishing a claim in support of finding liability on a motion for summary judgment. *See Jackson v. NYS Ofc. of Mental Health – Pilgrim Psychiatric Center*, 2024 WL 1908533, at *6 (E.D.N.Y. May 1, 2024); *see, also Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 511-12 (2002) Accordingly, there is sufficient dispute on this controlling issue of law making this matter appropriate for certification of an appeal.

To the extent an appeal is granted to UCS and the matter is reversed on any of the above issues, such a determination will indisputably and "materially advance the ultimate termination of [this] litigation." Indeed, reversal will result in a trial on liability or a complete dismissal of the action. Accordingly, UCS respectfully requests leave to move for certification and to brief

more fully each of the above issues for the Court's consideration.

**3. Leave to Move for Reconsideration**

In the alternative, if the Court declines to certify this matter for an interlocutory appeal, UCS respectfully requests leave to move for reconsideration under Fed.R.Civ.P. 59(e) and Local Rule 6.3, on the basis that the Court erred in finding that UCS had conceded that plaintiff holds a sincerely held religious belief. A motion for reconsideration may be granted, *inter alia*, in when there is "the need to correct a clear error." *Kolel Beth Yechiel of Tarikov, Inc., YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2023) The Court, in its Order, found that UCS had purportedly conceded this point, however, fails to state when or where such concession was made. UCS has never explicitly or implicitly conceded this point and argued within its Memorandum of Law in Opposition and in Support that the contention Interrogatories served by plaintiff upon UCS were wholly improper. (see ECF #33, p. 3, n. 1; *see, also* ECF #33, p. 6-10). More so, Mr. Barry's statement regarding plaintiff's application during his deposition is not dispositive of whether she informed UCS at the time she submitted her initial application on September 24, 2021. Plaintiff was also informed through UCS' Interrogatory Responses that Mr. Barry was not on the committee that reviewed any of her application submissions. Stated another way, Mr. Barry reviewed plaintiff's submissions for the first and only time at his deposition. This review was also not reflective of how the VEC reviewed applications as outlined in Mr. Barry's Affidavit. (*see* ECF #29, p. 16-18)

In contrast, at all points throughout this litigation it has been UCS's position that it has not had sufficient information about plaintiff's alleged religious beliefs because of her failure to provide responses to its request for additional information. This position is not belied by plaintiff's Contention Interrogatories, nor UCS's arguments in its motion for summary judgment. Indeed, in UCS's opposition to plaintiff's motion, dated August 11, 2023, UCS explicitly denied making any such concession (*see* ECF #33, p. 2-3, n.1).

Thank you for your attention to this matter.

Respectfully submitted,

/S/
Robyn L. Rothman
Assistant Deputy Counsel

Michael Siudzinski
Assistant Deputy Counsel

cc: Steven Warshawsky, *counsel for plaintiff*, via ECF