Law Firm of Steven M. Warshawsky
www.warshawskylawfirm.com

118 North Bedford Road, Suite 100
Mount Kisco, New York 10549

Tel: (914) 864-3353
Email: smw@warshawskylawfirm.com

October 18, 2024

**VIA ELECTRONIC CASE FILING**
Hon. Brian M. Cogan
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201
(718) 613-2230

Re: Jessica Bergin v. NYS Unified Court System
Case No. 22-CV-5264 (BMC) (EDNY)

Dear Judge Cogan:

I represent Plaintiff Jessica Bergin in the above-referenced Title VII action, which alleges that Defendant failed to accommodate Ms. Bergin's religious objections to UCS's COVID-19 vaccination policy. I am writing to oppose Defendant's premotion letter dated October 17, 2024 (ECF No. 37), which seeks reconsideration and/or leave to file an interlocutory appeal of Your Honor's Memorandum Decision and Order dated October 8, 2024 (ECF No. 36) granting Plaintiff's motion for summary judgment on liability, with a trial on damages to follow. For the reasons that follow, Defendant is not entitled to the relief it seeks.

**Defendant's Motion for Reconsideration**

Local Civil Rule 6.3 requires that the party seeking reconsideration "set[] forth concisely the matters or controlling decisions which counsel believes the court has overlooked." "The standard for granting a motion for reconsideration is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data which the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Johnson v. County of Nassau,* 82 F. Supp.3d 533, 535 (E.D.N.Y. 2015) (brackets omitted) (quoting *Shrader v. CSX Transp.,* 70 F.3d 255, 257 (2d Cir. 1995)). A motion for reconsideration "should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader,* 70 F.3d at 257. "The scope of a motion for reconsideration, therefore, is extremely narrow and is an extraordinary remedy to be employed sparingly in the interest of finality and conservation of scarce judicial resources." *American Mfrs. Mut. Ins. Co. v. Payton Lane Nursing Home, Inc.,* 05-CV-5155(AKT), 2010 WL 652829, at *1 (E.D.N.Y. Feb. 20, 2010) (internal quotation marks and citation omitted).

Defendant cannot satisfy the strict standard for reconsideration. In its premotion letter (at 3), Defendant does not identify any controlling decisions or overlooked evidence that would alter the conclusion reached by the Court, specifically, that Ms. Bergin had a sincerely held religious objection to

the COVID-19 vaccines. Defendant simply disagrees with the Court's analysis, arguing that the evidence does not show that UCS conceded this point. In the interest of brevity, Plaintiff will not recount the undisputed evidence cited in her motion papers supporting her position because this is not the place for relitigating this issue, which is the sole thrust of Defendant's proposed motion.

**Defendant's Motion For Leave To File An Interlocutory Appeal**

"A district court may certify an interlocutory appeal if three conditions are satisfied: (1) where the order appealed from 'involves controlling questions of law,' (2) 'as to which there is substantial ground for difference of opinion,' and (3) 'an immediate appeal from the order may materially advance the ultimate termination of the litigation[.]'" *EEOC v. United Health Programs of America, Inc.,* 14-CV-3673(KAM), 2017 WL 10088566, at *2 (E.D.N.Y. Apr. 14, 2017) (quoting 28 U.S.C. § 1292(b)). "District judges have discretion to deny certification of an order for interlocutory appeal even when a party has demonstrated that the three criteria of 28 U.S.C. § 1292(b) are met." *Id.* "The Second Circuit has made clear that the use of § 1292(b) is 'a rare exception to the final judgment rule that generally prohibits piecemeal appeals.'" *Id.* at *3 (quoting *Koehler v. Bank of Bermuda Ltd.,* 101 F.3d 863, 865 (2d Cir. 1996)). "Certification of interlocutory appeal is strongly disfavored in federal practice, and § 1292(b) is therefore strictly construed." *Id.* (internal quotation marks and citation omitted).

Defendant cannot satisfy the strict standard for certifying an interlocutory appeal. In its premotion letter (at 2), Defendant simply disagrees with the Court's summary judgment analysis, specifically taking issue with the Court's citations to two cases (*Hickey* and *Jackson*). While Defendant may disagree with the Court's reasoning, this is not the "difference of opinion" that § 1292(b) contemplates. Rather, "[t]he second prong is met when (1) there is conflicting authority on the issue, or (2) the issue is particularly difficult and of first impression for the Second Circuit." *United Health Programs, supra,* at *3 (internal quotation marks and citations omitted). Here, Defendant has not shown that this Court's ruling conflicts with *any* reported judicial decisions, let alone that the issue is particularly difficult. Nor will an interlocutory appeal materially advance the litigation, as the only remaining task is a 1-2 day trial on damages (as to which the parties may be able to stipulate in lieu of trial). The additional cost of litigation "is not, in itself, a sufficient basis to certify an otherwise-unexceptional order." *Cotterell v. Gilmore,* 64 F. Supp.3d 406, 435 (E.D.N.Y. 2014).

In sum, all Defendant has shown is that it disagrees with the Court's summary judgment decision, but it has not shown either that the Court's decision is based on an erroneous reading of the evidence or that the decision conflicts with other relevant precedents. Accordingly, no premotion conference is necessary and Defendant's proposed motion for reconsideration and/or leave to file an interlocutory appeal should be DENIED.

Respectfully submitted,

/s/ *Steven M. Warshawsky*

Steven M. Warshawsky
*Attorney for Plaintiff*

cc: All Counsel of Record (via ECF)