```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
   JESSICA BERGIN,                                          :
                                                            :
                           Plaintiff,                       :
                                                            :   MEMORANDUM DECISION AND
                  -against-                                 :   ORDER
                                                            :
   NEW YORK STATE UNIFIED                                   :   22-cv-5264 (BMC)
   COURT SYSTEM,                                            :
                                                            :
                           Defendant.                       :
                                                            :
----------------------------------------------------------- X
```

**COGAN**, District Judge.

This case is before the Court on defendant's motion for certification of appealability and reconsideration of this Court's memorandum decision and order granting plaintiff's motion for summary judgment and denying defendant's motion for summary judgment. The Court held that plaintiff established a *prima facie* case of failure to accommodate a religious belief under Title VII because defendant did not accommodate plaintiff's request for a religious exemption from its COVID-19 vaccination policy, even though defendant acknowledged that plaintiff had a valid religious exemption. Furthermore, there was no undue hardship to defendant in accommodating plaintiff. For the reasons stated below, the Court denies defendant's motion for certification of appealability and reconsideration.

## BACKGROUND

As detailed in the Court's previous decision granting plaintiff's motion for summary judgment, plaintiff holds the religious belief that receiving a vaccine developed or tested with fetal cell lines perpetuates the evil of abortion. When defendant issued an official memorandum requiring employees to receive COVID-19 vaccinations, plaintiff submitted a request for a

religious accommodation to comply with the vaccine policy according to the process defendant had created for such requests. Plaintiff included a three-page letter with quotes from scripture that supported her beliefs and a letter from her pastor explaining plaintiff's sincerely held religious beliefs that prevented her from complying with the vaccine mandate.

Defendant responded with a letter requesting "more information before it can make a final determination" about plaintiff's religious accommodation request, including a questionnaire with follow-up questions. Plaintiff submitted another personal statement explaining her religious beliefs and how they conflicted with the mandate. Plaintiff did not fill out the questionnaire, except to direct defendant to her personal statement for the answers to defendant's questions. Plaintiff did not include answers to defendant's questions about her use of other medications and vaccines, asserting that it was important to her to keep her medical information private.

After the deadline for responding to the questionnaire had passed, defendant denied plaintiff's request for a religious accommodation. Plaintiff then submitted another response to the questionnaire, this time filling out the questionnaire completely. Counsel for defendant notified plaintiff's supervisor that this "new religious exemption request" would not be considered. When plaintiff did not show proof of a COVID-19 vaccination by the requisite deadline, she was put on administrative leave until she used all of her accrued paid leave days, at which point she was terminated for failing to comply with the vaccine mandate. Plaintiff commenced this lawsuit, stating one claim for religious discrimination under Title VII. Defendant has since rescinded its vaccination policy and reinstated plaintiff.

On the parties' cross-motions for summary judgment, the Court granted plaintiff's motion, finding that plaintiff adequately informed defendant of her bona fide religious belief conflicting with defendant's vaccine policy through her first submission, she was terminated for

2

her failure to comply with the policy, and there was no undue hardship to defendant in providing plaintiff a religious accommodation because defendant did not need to consider plaintiff's late submission for it to know of and accommodate plaintiff's bona fide religious belief. The Court set a trial on the issue of damages.

Defendant identifies three issues it believes are appropriate for certification of appealability or reconsideration: (1) whether an employer must grant a religious accommodation without seeking further information in response to an employee's initial application or if the employer is entitled to probe the sincerity of the employee's belief by seeking additional information even if, on its face, the initial application could be found to be sufficient; (2) whether a party's response to a pre-discovery contention interrogatory may be deemed a concession of a point of law when the party does not have sufficient information to answer the interrogatory and states so in its answer; and (3) whether summary judgment may be granted in the plaintiff's favor if the court determines that a plaintiff-employee has established a *prima facie* claim and also that the defendant-employer has demonstrated undue hardship.

## LEGAL STANDARD

Title VII makes it unlawful for an employer "to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). To establish a *prima facie* case of failure to accommodate a religious belief under Title VII, a plaintiff "must show that '(1) they held a bona fide religious belief conflicting with an employment requirement; (2) they informed their employers of this belief; and (3) they were disciplined for failure to comply with the conflicting employment requirement.'" Baker v. The Home Depot, 445 F.3d 541, 546 (2d Cir. 2006) (quoting Knight v. Conn Dep't of Pub. Health,

3

275 F.3d 156, 167 (2d Cir. 2001)).  If a plaintiff has established a *prima facie* case, "the burden then shifts to the employer to show it could not accommodate the employee['s] religious beliefs without undue hardship."  Vasquez v. City of New York – Off. of Mayor, No. 22-cv-5068, 2024 WL 1348702, at *5 (E.D.N.Y. Mar. 30, 2024) (quoting Knight, 275 F.3d at 167), reconsideration denied, 2024 WL 1886656 (E.D.N.Y. Apr. 30, 2024).

District courts have discretion to certify an issue for interlocutory appeal where the issue involves "a controlling question of law as to which there is substantial ground for difference of opinion and [where] an immediate appeal from the order may materially advance the ultimate termination of the litigation."  28 U.S.C. § 1292(b).  Because "[i]t is a basic tenet of federal law to delay appellate review until a final judgment has been entered," Koehler v. Bank of Bermuda Ltd., 101 F.3d 863, 865 (2d Cir. 1996) (citation omitted), § 1292(b) "must be strictly construed" and "only exceptional circumstances" will justify a departure from the final judgment rule.  Wausau Bus. Ins. Co. v. Turner Constr. Co., 151 F. Supp. 2d 488, 491 (S.D.N.Y. 2001) (internal quotations marks and citations omitted).  The Second Circuit has repeatedly emphasized that district courts must "exercise great care in making a § 1292(b) certification."  Id. at 491-92 (citing Westwood Pharm., Inc. v. Nat'l Fuel Gas Dist. Corp., 964 F.2d 85, 89 (2d Cir. 1992)).  Accordingly, a district court may deny certification even where the statutory criteria are met.  See Republic of Colombia v. Diageo N. Am. Inc., 619 F. Supp. 2d 7, 9 (E.D.N.Y. 2007) (citation omitted).

To succeed on a motion for reconsideration, the moving party must "point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  Shrader v. CSX Transp., Inc., 70 F.3d

4

255, 257 (2d Cir. 1995) (citations omitted).  A motion for reconsideration "should not be granted where the moving party seeks solely to relitigate an issue already decided."  Id.

## DISCUSSION

I. **Certification of Appealability**

    a. *Employer's Ability to Seek Additional Information*

Defendant argues that whether an employer is entitled to probe the sincerity of an employee's religious belief by seeking additional information even if, on its face, the employee's initial application could be found to be sufficient, is a controlling question of law with substantial ground for difference of opinion.  However, that was not the question decided by this Court's Order.  The caselaw is clear that an employer may ask follow-up questions to probe the sincerity of an employee's religious belief even if the employee's initial application could be found to be sufficient.  See, e.g., Ferrelli v. Unified Court System, No. 22-cv-68, 2022 WL 673863, at *8 (N.D.N.Y. March 7, 2022).  What defendant may not do is deny an employee a religious accommodation based on the format of her answers to such follow-up questions when it has conceded that it does not contest the sincerity of her belief as expressed in her initial application.

Defendant asserts that "at all points throughout this litigation it has been UCS's position that it has not had sufficient information about plaintiff's alleged religious beliefs because of her failure to provide responses to its request for additional information."  That is not true.  In defendant's opposition to plaintiff's motion for summary judgment, defendant explicitly disclaimed any argument that plaintiff's religious belief was not sincerely held: "[f]or purposes of UCS and plaintiff's respective motions for summary judgment, UCS has not raised as a defense any argument or facts concerning whether plaintiff has a bona fide religious belief (element 1) or whether she was disciplined for failing to comply (element 3)."  The remaining question before this Court was whether plaintiff adequately informed defendant of her religious belief through her request for

5

accommodation. Assuming, as defendant has throughout this litigation, that plaintiff's religious belief was sincere, this Court determined that plaintiff's initial application adequately conveyed the existence of this religious belief to defendant.

This posture is different from one in which an employee's initial application *might or might not* be found sufficient: defendant, as a matter of strategy in defending this case, chose to challenge only whether it received adequate notice of plaintiff's religious belief, thus conceding that plaintiff's religious belief, as expressed in her initial application, was sincerely held. Because notice was the only element of a *prima facie* case of failure to accommodate a religious belief that defendant challenged, and this Court found no material facts disputing that defendant received notice of plaintiff's religious belief through her initial application, defendant's right to ask follow-up questions to determine the sincerity of plaintiff's belief did not arise. Defendant accuses the Court of having moved the goal posts in its summary judgment decision, but the Court simply took defendant's stated position and decided the case based on that – it is defendant's current motion that is seeking to recast the issue. But the issue defendant wishes to appeal was not implicated by this Court's order.

Furthermore, an immediate appeal from the Court's order will not materially advance the ultimate termination of the litigation. The parties agree that there will be a final judgment in this case after, at most, a one- or two-day trial on damages. And the parties have indicated they may stipulate to the amount of damages owed, avoiding trial altogether. This is not the sort of "rare exception to the final judgment rule that generally prohibits piecemeal appeals . . . reserved for those cases where an intermediate appeal may avoid protracted litigation." Koehler, 101 F.3d at 865-66. If defendant still wishes to appeal, it may do so in short order once the straightforward issue of damages is resolved.

### b. *Pre-Discovery Contention Interrogatory Response as Judicial Admission*

The second issue defendant raises for certification of appealability, whether a party's response to a pre-discovery contention interrogatory may be deemed a concession of a point of law when the party states that it does not have sufficient information to answer the interrogatory, is also not appropriate for a certification of appealability. Defendant points to no substantial ground for difference of opinion. The caselaw is clear that "[c]ontention interrogatories are treated as judicial admissions which usually estop the responding party from later asserting positions not included in its answers, unless the failure was substantially justified or is harmless." In re Methyl Tertiary Butyl Ether (MTBE) Prod. Liab. Litig., 117 F. Supp. 3d 276, 294 (S.D.N.Y. 2015) (internal quotation marks and footnote omitted) (barring vicarious liability theory when plaintiff did not raise theory in response to contention interrogatories). Defendant's assertion that it provided the response before discovery had occurred "and UCS had no information to make a sufficient determination" is unavailing. "Failure to amend a contention interrogatory pursuant to Federal Rule of Civil Procedure 26(e) can bar use of a theory of liability. . . . [P]rejudice is not required for preclusion under Rule 37(c)(1), nor does Rule 37(c)(1) require a showing that the omission was made in bad faith." Id. (footnotes omitted). Defendant does not point to caselaw that treats responses to contention interrogatories any differently. Because there is no substantial ground for difference of opinion and the same considerations discussed above counsel that an immediate appeal will not materially advance the ultimate termination of the litigation, the Court will not certify an appeal based on this issue.

### c. *Existence of Undue Hardship*

The third issue defendant raises for certification of appealability, whether summary judgment may be granted for an employee if the employer has demonstrated undue hardship,

misinterprets this Court's previous holding and is not appropriate for a certification of appealability. In granting plaintiff's motion for summary judgment, the Court held that although it would have been an undue hardship for defendant to consider plaintiff's form submitted after the deadline for religious accommodation requests, defendant had no obligation to consider the late form. The Court then held that, disregarding the late form because defendant had no duty to consider it, plaintiff still had satisfied the *prima facie* elements of a failure to accommodate claim based on her initial, timely submission.

Defendant misstates the Court's opinion by asserting that the Court granted summary judgment despite defendant's undue hardship – it was precisely because defendant did not demonstrate undue hardship with regard to plaintiff's initial exemption application that the Court granted plaintiff's motion for summary judgment. Defendant presents no controlling question of law as to which there is substantial ground for difference of opinion, rendering this issue inappropriate for certification of appealability.

## II. Reconsideration

Defendant asserts that the Court erred in finding that defendant conceded that plaintiff had a sincerely held religious belief. The denial of certification largely determines the disposition of this motion as well. Defendant's opposition to plaintiff's motion for summary judgment and contention interrogatories provide clear concessions on this point. Defendant does not direct the Court to any "controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader, 70 F.3d at 257 (2d Cir. 1995) (citations omitted). Because defendant does not point to any error this Court needs to correct, defendant's motion for reconsideration on this issue is denied.

Defendant posits a "parade of horribles," consisting of the bureaucratic difficulties in maintaining vaccine exemption review procedures for some future epidemic, if this Court's decision stands. The Court does not see it. Nothing in the Court's decision prevents or discourages an employer from asking follow-up questions to an employee's original exemption request either as a matter of course, or if it has specific questions about that request. This Court's decision merely holds that if, within the litigation, the employer acknowledges that the employee's original religious exemption request was valid, the employer cannot use the follow-up request to invalidate the original exemption request unless there is some fundamental contradiction between the two that casts doubt on the validity of the original request. Defendant has never contended that is the case here.[1]

## CONCLUSION

For the foregoing reasons, defendant's motion for certification of appealability and reconsideration [37] is denied.

**SO ORDERED.**

*Brian M. Cogan*
U.S.D.J.

Dated: Brooklyn, New York
       November 4, 2024

---

[1] Although not material here, the Court will note some skepticism about whether the main focus of defendant's follow-up request – what other (non-COVID-19) vaccinations the applicant may have had, which may also have been derived from fetal cells – is directed to ferret out an insincerity in the applicant's religious belief, as opposed to indicating an employer's hostility towards claims for religious exemptions. First of all, if other vaccines were an important factor in assessing sincerity, one would think their disclosure would be a mandatory part of the initial exemption request. In addition, tripping applicants up based on childhood or other vaccines which they may not have been aware were derived from fetal cells seems a poor proxy for testing the sincerity of their religious belief concerning the COVID-19 vaccine, considering the extensive publicity it has received.